**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10576 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-00324-MMC-2 |
| v. | |
| DENNIS CYRUS, JR., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted April 19, 2013
San Francisco, California

Before: HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

Dennis Cyrus ("Cyrus") appeals his jury trial conviction and life sentence arising out of a series of San Francisco area murders. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cyrus was found to have: participated in a racketeering influenced and corrupt organization through his membership in the Page Street Gang; possessed drugs with intent to distribute and with intent to distribute within 1,000 feet of a public housing facility; conspired to distribute fifty grams or more of crack cocaine; murdered Randy Mitchell and Raymond Jimmerson; kidnapped and murdered Joseph Hearns; assaulted and attempted to murder Marcus Atkinson as violent crimes in aid of racketeering ("VICAR"); murdered Raymond Jimmerson to prevent his future cooperation with federal law enforcement or involvement in court proceedings; murdered Raymond Jimmerson in retaliation for his previous cooperation with federal law enforcement and testimony in front of a federal grand jury; and used firearms during the commission of the three murders and the attempted murder.

Reviewed for abuse of discretion, the admission of the testimony of San Francisco Police Officer Brian Peagler as an expert on street gangs was proper and not prejudicial. *United States v. Hankey*, 203 F.3d 1160, 1166–67, 1169–70 (9th Cir. 2000). The district court permissibly assessed Officer Peagler's reliability during trial, *United States v. Alatorre*, 222 F.3d 1098, 1102–05 (9th Cir. 2000), and did not abuse its discretion in admitting his expert testimony on street gang organization and operation, *see* United *States v. Padilla*, 387 F.3d 1087, 1094 (9th Cir. 2004).

Neither did the court abuse its discretion in admitting the other evidence

2

challenged on appeal. The testimony from analysts employed by the San Francisco criminal laboratory was based on well-established drug identification techniques used to identify the samples at issue. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). There was no error in admitting the lyrics found in Cyrus's possession, given the weight of other evidence against Cyrus. *See United States v. Weiland*, 420 F.3d 1062, 1078–79 (9th Cir. 2005).

Cyrus argues for the first time on appeal that the videotaped interview of his cousin, Darryl McQuillion, was erroneously admitted. But there was no plain error in admitting the tape, as the court was presented evidence sufficient to determine the interview played for the jury was the same interview McQuillion adopted in prior testimony. *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000); *see also United States v. Tran*, 568 F.3d 1156, 1163 (9th Cir. 2009). Further, any error was harmless because the jury received sufficient other evidence to convict Cyrus of the Jimmerson murder charges even without McQuillion's taped statements. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc).

Nor was there plain error in the admission of Inspector Herman Jones's testimony that McQuillion told him that Cyrus said he killed Jimmerson to advance in the gang. While hearsay, the statement duplicated motivation evidence presented

3

by expert and cooperating witnesses, and was therefore insufficient to affect Cyrus's substantial rights. *See United States v. Olano*, 507 U.S. 725, 736 (1993).

Cyrus argues that the evidence was insufficient to establish that he possessed the requisite intent under the witness tampering, witness retaliation, and VICAR statutes in the murder of Ray Jimmerson. Viewed in the light most favorable to the prosecution, a rational trier of fact could have found, on the basis of McQuillion's taped interview and cooperating witness and jailhouse informant testimony, that Cyrus murdered Jimmerson to retaliate against past cooperation with federal law enforcement and to prevent future law enforcement. In the same light, a rational trier of fact could have credited expert testimony regarding gang promotion and cooperating witness testimony to find that gang promotion was at least a general purpose of Cyrus's Jimmerson murder. *See United States v. Banks*, 514 F.3d 959, 969–70 (9th Cir. 2008).

Cyrus argues, again for the first time on appeal, that the government improperly vouched for the credibility of cooperating witnesses Lacy Jackson and Donald Armour in closing statements. Reviewed for plain error, *United States v. Dorsey*, 677 F.3d 944, 953 (9th Cir. 2012), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Sept. 28, 2012) (No. 12-6571), the government told the jury to consider two things when weighing Jackson's and Armour's credibility: the district court judge, not a

4

prosecutor, would determine a sentence for Jackson and Armour, and the "hallmark of the truth" is when pieces fit together. Because the prosecutor's statement did not invoke the authority of the court to bolster the credibility of a cooperating witness who had received a reduced sentence for his cooperation, there was no error. *See id.* at 954.

Because any errors were de minimus and did not affect the outcome of the trial, there was no cumulative error. *See United States v. Lindsey*, 634 F.3d 541, 555 (9th Cir. 2011), *cert. denied*, 131 S. Ct. 2475 (2011).

**AFFIRMED.**